**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

**AL-RASHAAD R. CRAFT**, an individual,

Plaintiff,

vs.

**CITY OF HOBBS POLICE DEPARTMENT,** a political subdivision of the City of Hobbs and State of New Mexico**; CHRIS MCCALL,** Chief of Police of the City of Hobbs; **CITY OF HOBBS,** a New Mexico municipality and political subdivision of the State of New Mexico**; BOARD OF COMMISSIONERS OF THE CITY OF HOBBS**, a political subdivision of the State of New Mexico; **SAM COBB,** Mayor of the City of Hobbs, New Mexico; **JJ MURPHY,** City Manager of the City of Hobbs, New Mexico; **JOHN DOES, I-X; JANE DOES, I-X; BLACK and WHITE ENTITIES, I-X,**

Defendants.

No. **2:17-CV-00469**

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Al-Rashaad Craft, for his Complaint against the named defendants ("Defendants") state as follows:

**NATURE OF ACTION**

1. Al- Rashaad R. Craft ("Plaintiff") is a resident of Houston, Texas who was living in Hobbs, New Mexico part-time due to his work with the Department of Energy. Plaintiff was denied the ability to preach on a public sidewalk downtown in the City of Hobbs, New Mexico located at the 100 block of Shipp and Broadway (the "downtown") because he was a black man and/or believed to be a Muslim, preaching in a white business area of the City of Hobbs. Plaintiff seeks damages and injunctive

relief from this Court enjoining the City of Hobbs Police Defendants from discriminating against the Plaintiff based on the religious content of his speech and the color of his skin and requiring the Defendants to remove the arrest from Plaintiff's background history.

**JURISDICTION AND VENUE**

2. This is an action brought to enforce Plaintiff's " rights against the Defendants under a number of provisions of the United States and New Mexico Constitutions and the New Mexico Religious Freedom Restoration Act. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1331 because the action arises under the laws of the United States. This Court has pendant and supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).
3. Venue lies in this District under 28 U.S.C. § 1391. Plaintiff was a part-time resident of Hobbs, New Mexico at the time the incident occurred and all Defendants are located in this District. The events giving rise to this action occurred in this District.

**PARTIES**

**PLAINTIFF**

4. Plaintiff Al-Rashaad R. Craft was a resident of Houston, Texas and was living in Hobbs, New Mexico part time due to his job with the Department of Energy in 2014-2015.

**DEFENDANTS**

5. Defendant City of Hobbs Police Department (hereinafter "HPD")is a New Mexico municipal corporation, political subdivision of the City of Hobbs, New Mexico and State of New Mexico and a person in the meaning of 42 U.S.C. § 1983, created to

"protect and maintain the quality of life [in Hobbs, New Mexico by] protecting the people, their property and rights while providing the best law enforcement services available[1]".

6. Defendant City of Hobbs is a New Mexico municipal corporation and a political subdivision of the State of New Mexico. Defendant City was responsible for the selection and retention of HPD officers as well as for the training, supervision and discipline of the above Defendants.

7. Defendant Chris McCall is the Chief of HPD and was/is responsible for the training and is responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including these Defendants. He is sued in his official capacity only.

8. Defendant Board of Commissioners of the City of Hobbs is a seven-member board appointed by the citizens of Hobbs, New Mexico consisting of the Mayor and six City Commissioners to oversee the City of Hobbs as created and established by the Hobbs Charter Commission Charter for the City of Hobbs effective April 1, 2001.

9. Defendant Board of Commissioners of the City of Hobbs was the employer of HPD Defendants and is responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including these Defendants. Defendant City was responsible for the selection and retention of HPD officers as well as for the training, supervision and discipline of the above Defendants.

10. Defendant Sam Cobb is the Mayor of the City of Hobbs and is sued in his official capacity only.

[1] " A Message from the Chief" http://www.hobbspd.com/

11. Defendant JJ Murphy is the City Manager of the City of Hobbs and is sued in his official capacity only.

12. City of Hobbs Police Department and the Board of Commissioners of the City of Hobbs, (collectively "Hobbs Defendants") were also in charge of, and responsible for, the enforcement of all policies, procedures and guidelines within the City and its departments, namely Hobbs Police Department (hereinafter "HPD"), and the actions of such employees, agents and/or departments of Hobbs Defendants. This charge and responsibility included supervision and discipline of employees and administrators including, but not limited to officers of HPD.

13. At the time of the events complained of herein, April 18 - 25, 2015 and, these Defendants were acting within the course and scope of their agency and/or employment with HPD and under state law. These Defendants engaged in the wrongful conduct that caused and contributed to the violation of Plaintiff's civil rights. The Board of Commissioners of the City of Hobbs is vicariously liable for these Defendants' wrongful conduct as alleged in this Complaint. At all times material hereto, Defendants, and each of them, acted under color of law and are sued in their official capacity.

14. Defendant Board of Commissioners of the City of Hobbs (hereinafter "City") is a municipality within the State of New Mexico and was the employer of HPD Defendants and are responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including these Defendants. Defendant City was responsible for the selection and retention of HPD officers as well as for the training, supervision and discipline of the above Defendants.

15. Defendants John Does I-X and Jane Does I-X upon further information and belief, married and residing in the County of Lea, State of New Mexico, at all times relevant hereto were acting in the furtherance of their marital communities. Said Defendants may include, but are not necessarily limited to employees and agents of Lea County Detention Center, who participated in the issues causing harm to Decedent, Chris Gaston.

16. Said Defendants have, upon information and belief, have helped to cause the incidents alleged herein. The true names of John and Jane Does I-X are not known but will be provided to this Court as they are learned.

17. Defendant Black and White Entities I-X are, upon information and belief, entities which operate in and have substantial ties to Lea County, State of New Mexico. Said Defendants have, upon information and belief, helped to cause the incident or accident alleged herein. The true names of Black and White Entities I-X are not known but will be provided to this Court as they are learned.

**STATEMENT OF FACTS**

18. On a clear sunny day on April 18, 2015, plaintiff Rashad Kraft was standing at a location that is open to the public in the city of Hobbs, Lea County, New Mexico.

19. The public location is in fact a designated area by the City for public activities which include but are not limited to: art shows, dancing farmers markets and certainly public speaking. This area is located at the intersection of Broadway and Ship is known as the Ship Street Plaza (hereinafter "Plaza").

20. Plaintiff, Mr. Craft, was raised in a Christian family. His father is a Baptist minister who instilled in him how important it is to be a man of God to understand the Bible and to minister to the public.

21. It was so important to Mr. Craft's parents that he was sent to Catholic schooling from grade school through high school to develop a Christian based education.

22. Exercising his fundamental rights to speak the word of God, Mr. Craft on Saturdays would go to the Plaza, would set up his phone on a tripod to video-record himself preaching the gospel of the Lord that would include both the old and new Testaments.

23. After recording himself preaching the gospel, Mr. Craft would then place the videos on YouTube for others to witness.

24. On April 18, 2015, at approximately 12:00 P.M., Mr. Craft was preaching in public at the Plaza when two individuals, a white female and a white male approached Mr. Craft. The woman began screaming, cursing obscenities and waving a lighter in the camera inches away from Mr. Craft's face. The female individual is known as Susan Stone; however, the white male at this time is unknown.

25. While waiving a lighter between the camera and Mr. Craft's face, the female individual yelled and screamed the following repeatedly:

"You goddamn nut"

"You goddamn nut"

"You goddamn nut"

"You are going to be destroyed"

“You are a nut”

"You are a nut"

"You motherfucker"

26. Mr. Craft ignored the female assaulting him and in no way responded, but as Mr. Craft turned to his bible to begin reading Romans Chapter 10, the female struck Mr. Craft in his face with his bible.

27. Out of self-protection, Mr. Craft's immediate reflex was to push the female assailant away from him and she lost her balance and fell to the ground.

28. The female assailant waved her lighter violently at Mr. Craft over 50 times just inches away from his face screaming you "goddamn nut". It was not until she struck him that he acted out of self-defense and pushed her away. At no time did he respond verbally or cuss at her in anyway; instead, he continued to exercise his First Amendment right to speak what he believed to be his religious freedom and obligation.

29. After Mr. Craft pushed the assailant away, she got back up and continued to yell obscenities at Mr. Craft.

30. Minutes after being assaulted the Hobbs Police Department showed up at the scene and took statements from both sides and then left.

31. The following weekend at approximately the same time, Mr. Craft showed up to the Plaza as he had been doing for almost 6 months prior; however, as Mr. Craft began setting up his video camera he was approached by several officers of the Hobbs Police Department and before he could begin exercising his First Amendment Right he was arrested and taken to jail.

32. The police report indicates Mr. Craft was arrested for "aggravated battery" and "disorderly conduct". Mr. Craft was placed in the Lea County detention Center for approximately 17 days.

33. There is reasonable knowledge and belief that several city officials were also wanting Mr. Craft arrested because they believed him to be a Muslim and/or simply did not find his actions welcomed.

34. The charges were later dismissed by the Lea County District Attorney's Office and due to a lack of evidence, all charges were fully dismissed.

35. While the charges were ultimately dismissed Mr. Craft has suffered greatly. Mr. Craft maintains a BBA degree in Business Management and was employed at the time by the Department of Energy (DOE). Due to his 17 days in jail he lost his job with the DOE and was forced to move back to Houston, Texas. Since living back in Houston he has applied for many jobs and has been turned down by each one due to his arrest in Hobbs, NM.

36. At the time of the arrest and all times prior Mr. Craft was merely exercising his First Amendment right to freedom of speech freedom of religion in a designated public forum; he was not attacking anyone, he was not antagonizing anyone, he was not inciting violence, he was not attempting to create public affray or any form of civil disobedience.

37. Nevertheless, because he was exercising his First Amendment Rights to freedom of speech and freedom of religion Mr. Craft was arrested by the Hobbs Police Department and spent 17 days in the Lea County Detention Facility.

38. Considering the evidence the Hobbs Police Department acted with deliberate indifference and reckless disregard. Prior to this event Mr. craft had no criminal history, had never been arrested and certainly had never spent one minute in jail let alone 17 days. Certainly, this was a dramatic experience and he has suffered greatly.

39. The Hobbs Police Department's wrongful arrest of Mr. Craft was a complete disregard to his constitutional right to be free from false imprisonment false arrest. And certainly was a violation of his First Amendment Right to freedom of speech and freedom of religion.

## LEGAL VIOLATIONS

### COUNT I
### Violation of the United States Constitution
### Free Speech: First and Fourteenth Amendments
### (42 U.S.C. § 1983)

40. Paragraphs 1 through 39 are incorporated by reference as if set forth fully herein.
41. Defendants, under color of law, have deprived Plaintiff of his right to free speech, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, by discriminating against Plaintiff because of the religious viewpoint and content of his speech, and by preventing the Plaintiff from having access to a public forum.
42. Plaintiff is entitled to relief against this denial of his constitutional rights under 42 U.S.C. § 1983.

### COUNT II
### Violation of the New Mexico Constitution
### Free Speech: Article II, Section 17

43. Paragraphs 1 through 42 are incorporated by reference as if set forth fully herein.
44. Defendants, under color of law, have deprived Plaintiff of his right to free speech, as secured by Article II, Section 17 of the New Mexico Constitution, by discriminating against Plaintiff because of the religious content of his speech, and by preventing the

Plaintiff from having access to the Plaza, a public forum and by depriving him his right to freedom of religion.

**COUNT III**
**42 U.S.C. §1983 against Defendant HPD**

45. Paragraphs 1through 44are incorporated by reference as if set forth fully herein.

46. Defendant HPD arrested Plaintiff without probable cause, in violation of the Fourth and Fourteenth Amendments of the Unites States Constitution.

47. Defendant HPD further caused a wrongful prosecution of Plaintiff, a prosecution advanced without probable cause. As such, said Defendant further violated Plaintiff's due process rights under the Fourteenth Amendments of the Unites States Constitution.

48. It is a direct and proximate result of the Defendant HPD's violation of Plaintiff 's Constitutional rights, Mr. Craft has sustained damages including, but not limited to pecuniary loss, mental anguish, and pain and suffering, all in an amount to be proven at trial.

49. Defendant HPD's wrongful acts were intended to cause Mr. Craft injury, or were motivated by spite or ill will, or said Defendant acted to serve their own interest, having reason to know and consciously disregard there is a substantial risk that this conduct might significantly injure the rights of Mr. Craft. Thus, Defendant HPD's wrongful acts, therefore, merit an award of exemplary damages against them in their official capacities in an amount to be proven at trial that is sufficient to punish and to deter the Defendants and others from engaging in such wrongful actions in the future.

**COUNT IV**
**Violation of the United States Constitution**
**Free Exercise of Religion: First and Fourteenth Amendments**
**(42 U.S.C. § 1983)**

50. Paragraphs 1 through 49 are incorporated by reference as if set forth fully herein.

51. Defendants, under color of law, have deprived and continue to deprive Plaintiffs of their free exercise of religion, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, by discriminating against Plaintiff because of his religion and by substantially burdening his religious exercise without a compelling governmental interest.

52. Plaintiffs are entitled to relief against this denial of their constitutional rights under 42 U.S.C. § 1983.

**COUNT V**
**Violation of the New Mexico Constitution**
**Free Exercise of Religion: Article II, Section 11**

53. Paragraphs 1 through 52 are incorporated by reference as if set forth fully herein.

54. Defendants, under color of law, have deprived Plaintiff of his free exercise of religion, as secured by Article I, Section 3 of the New Mexico Constitution, by discriminating against Plaintiffs because of their religion and by substantially burdening their religious exercise without a compelling governmental interest.

**COUNT VI**
**Violation of the United States Constitution**
**Equal Protection: Fourteenth Amendment (42 U.S.C. § 1983)**

55. Paragraphs 1 through 54 are incorporated by reference as if set forth fully herein.

56. Defendants, under color of law, have prevented Plaintiff from participating in a right to exercise his religion and free speech that was made available to all other members of the community, constituting a denial of equal protection of the law.

57. Defendants, under color of law, have discriminated against the Plaintiff based on (1) his religious status; and (2) his exercise of fundamental First Amendment rights, without any compelling governmental interest.
58. Plaintiff is entitled to relief against this denial of his constitutional rights under 42 U.S.C. § 1983.

**COUNT VII**
**Violation of the New Mexico Constitution**
**Equal Protection: Article II, Section 18**

59. Paragraphs 1 through 58 are incorporated by reference as if set forth fully herein.
60. Defendants, under color of law, have deprived Plaintiff of his right to equal protection of the law, as secured by Article II, Section 18 of the New Mexico Constitution, by discriminating against Plaintiff in their application of the laws of the State of New Mexico.
61. Defendants, under color of law, have prevented Plaintiff from participating in his First Amendment Freedoms that are made available to all other members of the community, constituting a denial of equal protection of the law.
62. Defendants, under color of law, have discriminated against against the Plaintiff based on (1) his religious status; and (2) his exercise of fundamental First Amendment Rights, without any compelling governmental interest.

**COUNT VIII**
**Violation of the New Mexico Religious Freedom Restoration Act**
**NM STAT. § 28-22-4**

63. Paragraphs 1 through 62 are incorporated by reference as if set forth fully herein.

64. Defendants have deprived Plaintiff of his rights under the New Mexico Religious Freedom Restoration Act by unlawfully imposing a substantial burden on his religious exercise without any compelling governmental interest.

**REQUEST FOR RELIEF**

WHEREFORE Plaintiff, Al-Rashaad Craft asks this Court for the following relief:

A. For special damages in an amount to be proven at the time of trial;

B. For economic damages in an amount to be proven at the time of trial;

C. For general damages in an amount to be proven at the time of trial;

D. For exemplary damages against the individual defendants to the extent permitted by law;

E. For attorney's fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise may be allowed;

F. For taxable costs as may be allowed;

G. For pre- and post-judgment interest to the extent permitted by law;

H. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action for all triable issues.

Respectfully submitted on the 18th day of April, 2017.

Respectfully Submitted by:
ZEBAS LAW FIRM, LLC
/s/ Joseph M. Zebas
Joseph M. Zebas
P.O. Box 1675
Hobbs, NM 88241
(575)393-1024
*Attorney for Plaintiff*