**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **AL-RASHAAD R. CRAFT**, an individual,<br>　　　　Plaintiff,<br>vs.<br>**CHAD WRIGHT**, in his official and<br>individual capacity; and **AHMAAD WHITE**,<br>in his official and individual capacity;<br>　　　　Defendants. | No. **2:17-CV-00469 JCH-SMV** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

"**A police officer may not close her or his eyes to facts that would help clarify the circumstances of an arrest**." Baptiste v. J.C. Penney, 147 F.3d 1252, 1257 citing BeVier v. Hucal, 806 F.2d 123, 128 (7th Cir.1986). Law enforcement seeking facts in support of probable cause to arrest someone "may not ignore *available and undisputed* facts." Id at 1259. In this lawsuit as pleaded in Plaintiff's Fourth Amended Complaint, Plaintiff properly pleaded that sixteen of the seventeen or eighteen allegations made in application for the warrant to arrest plaintiff were false, indisputably false as shown by the videotape of the incident in question. Defendants' Motion here ignores those factual allegations, making the frivolous straw man argument that Plaintiff has pleaded no facts to support the allegation that those sixteen lies are false, in direct contrast with the pleaded allegations and the facts shown in the video incorporated by reference. Only the most head-in-the-sand perspective of the pleadings and incorporated video permit such a sanctionable argument and defendants' motion must be denied.

Plaintiff files this response to Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint to show the Court that the motion must be denied, as the Fourth Amended Complaint properly pleads plaintiff's viable causes of action pursuant to Rule 12, based on defendants Wright and White's violation of plaintiff's First and Fourth Amendment rights, as no probable cause existed to arrest, incarcerate and prosecute plaintiff for exercising these constitutional rights. Defendants' straw man arguments on what the pending complaint made in part by citing not to the current viable Fourth Amended Complaint but back to the Third Amended Complaint, misconstrues the applicable legal standard by which this Court must decide the motion, essentially arguing as if under a summary judgment standard, while at the same time seeking to dismiss this case under Rule 12.

**Legal Standard:**

Deciding this motion, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555; *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

When a Plaintiff alleges that an arrest warrant affidavit contains false information, the Plaintiff has stated a claim under the Fourth amendment. Taylor v. Meachum, 82 F.3d 1556, 1562 (10th Cir. 1996). The traditional method for evaluating such a claim is to remove from the affidavit the alleged false material or omissions and examine the remaining allegations to determine whether probable cause existed to make the arrest. Id.

**Factual background:**

As pleaded and as corroborated by the video attached to Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [Dkt. No. 34] as Exhibits A and B, incorporated again here by reference, this lawsuit arose out of plaintiff's arrest, incarceration and prosecution following his exercise of his constitutionally protected rights to free speech and the exercise of his religious faith by preaching and reading the Bible in a public forum on April 18, 2015. Plaintiff Kraft was reading the Bible aloud and preaching in public in Hobbs, New Mexico. Fourth Amended Complaint, paragraphs 6-10 (hereafter FAC). While preaching and reading from the Bible, he was accosted and assaulted by Susan Stone, described in the FAC and shown in the incorporated video exhibits as the woman creating a public disturbance, harassing, yelling, cursing, taunting plaintiff and waving a cigarette lighter in front of plaintiff's phone camera up to the point where she struck plaintiff's Bible pushing it up into his face. FAC paragraphs 10-12. Both before he was assaulted and after, as proven beyond dispute in the video exhibits, plaintiff did not make racially offensive comments, nor misogynistic comments.  Plaintiff made no comment at any time that was not protected speech or the exercise of his faith. Plaintiff did not argue with his attackers or anyone else about race, religion or any of his comments made before or after he was assaulted. Plaintiff <u>never</u> initiated any physical contact with anyone despite Stone and another unidentified male who repeatedly and continuously by both profanity and invading his personal space attempted to provoke him, except in self-defense after he was assaulted by Stone.  The entire episode initiated by Stone was recorded, as seen on the video showing Officer Ellis who first came to the scene, as pleaded FAC paragraphs 9-11, 16, and as reported by Stone to White in his application for the warrant in question.

After Hobbs Police Officer Ellis investigated he declined to arrest plaintiff as there was no cause, probable or otherwise, to do so. FAC 17-20. Despite these facts, defendant Wright ordered defendant White to "find a reason" to arrest Mr. Craft, which White did by misrepresenting in his warrant application the incontrovertible facts as shown in the video exhibits, and as alleged in paragraph 21 of the FAC, which specifically states that the falsehoods White used to obtain the warrant "**includ[ed] but [were] not limited to**" that plaintiff attacked Stone, when she was the one that attacked him, and that plaintiff was "calling for the death of all white people and that blacks have to rise up and take over".

Attached as Exhibit C to Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint and incorporated here by reference is defendants' exhibit 1 diagrammed to show the at least sixteen lies included in the warrant application by White. These facts are pleaded, despite defendants' motion ignoring them, at FAC paragraph 21 and FAC paragraph 22 pleads that these lies are all demonstrated in the video incorporated by reference.

White's lies begin with information that is double hearsay, wherein he attributes statements to Stone allegedly provided to Officer Ellis, information that if true might have possibly formed a basis for Ellis to arrest plaintiff. However, because they are demonstrably false, as proven by the video that blatantly contradicts the warrant allegations, Officer Ellis refused to arrest Mr. Craft. *See*, Scott v. Harris, 550 U.S. 372, 380 (2007) (the Court must not adopt as facts allegations that are blatantly contradicted by the record such that no reasonable jury could believe that version of the facts). Indeed, under defendants' mischaracterization of the facts shown on video, were these parties acts sufficient to constitute probable cause to arrest plaintiff for aggravated battery and disorderly conduct, why was not Ms. Stone and the second man who assaulted plaintiff and

behaved in a much more "disorderly" manner than plaintiff not arrested as well? Because as Officer Ellis determined, there was no cause to arrest plaintiff on these or any other charges.

The investigating officers both saw and were told that the entire occurrence was recorded on Mr. Craft's phone. Defendant White pretended that evidence did not exist by following defendant Wright's order to "find a reason" to arrest Mr. Craft, <u>FAC paragraphs 18 and 23</u>, and instead filled the warrant application with the following lies and misrepresentations blatantly contradicted by the FAC and video as follows:

1. Mr. Craft never said "all white people need to be murdered" and "the black man needs to rise up and kill all of the white people". As alleged in the TAC and shown in the video, Mr. Craft preached, and read the Bible, but made no such comments before Stone started her attack on him.

2. Mr. Craft used no profanity at all, and therefore did not use the profanity and abusive language used by Stone in the presence of any children.

3. Stone did not "beg[i]n arguing" about religion or anything else with Mr. Craft, unless one considers her yelling at him calling him a "goddamn nut" and a "motherfucker" could be so construed. No logical argument could be made that such discourse is "arguing about religion".

4. There was no argument about "racial statements", only, as pleaded, Mr. Craft's continuing to read his Bible and preach.

5. Immediately after Stone allegedly said "I have freedom of speech too you nut" Mr. Craft did not push her. He pushed her at 1:13-14 of the video attached as Exhibit A after she calls him a "goddamn nut" five or six times, says he will "be destroyed" and then strikes his Bible into his face.

6. According to the next lie in the warrant, one Israel Loya-Lopez tells Officer Ellis that Mr. Craft "push[ed] Stone to the ground, but that Stone did not touch [plaintiff] prior to him pushing her down". As asserted by the FAC and as proven by the video, she hit him first.

7. Next, according to White, Loya-Lopez told him that Mr. Craft made what would be offensive but nevertheless protected speech about murdering white people and making Mexicans slaves. Never happened.

8. Loya-Lopez then allegedly told White that Stone "argued about the statements he was making". Also false, as pleaded and shown on the video.

9. Loya-Lopez allegedly then told White that "as Stone stood about three feet away from [Mr. Craft], he observed [Mr. Craft] walk in front of Stone and push her with both hands in her chest". As pleaded and proven on video, Stone hit Mr. Craft who then pushed her away, he did not approach nor walk toward her, she struck him when her other abuse failed to provoke him as she tried so desperately, and apparently drunkenly, to do.

10. Loya-Lopez then allegedly told White that he ran to Stone. He is instead shown on video standing silently nearby, as Stone in fact is walking around seemingly unhurt, continuing to smoke a cigarette and swear at Mr. Craft.

11. Loya-Lopez never speaks as noted, and did not tell Mr. Craft "she never touched you". He wouldn't have said that, at least not truthfully as Stone struck Mr. Craft first.

12. These false statements were not followed by the police arriving, as pleaded and proven on the video, the police arrived before any alleged comments by Loya-

   Lopez, which states the obvious as he made no statements at all to Stone or Mr. Craft.

13. Mr. Craft made no racial comments at all and did not "continue to make racial statements after he pushed Stone down" as alleged by White in the warrant application.

14. According to White, Stone says Mr. Craft made "several racial remarks about how women should be beaten into submission and how white people should all be murdered so the black race could dominate everything". Blatant lies blatantly contradicted by the pleadings and video.

15. Stone told Mr. Craft while waving her lighter in front of his camera to "stop making racial comments". All she ever said was to repeatedly taunt him that he was a "goddamn nut", nothing about a racial comment because, again, he never said anything remotely resembling such would-be-protected speech.

16. She allegedly repeats the lie White attributes to Loya-Lopez that from a few feet between them, Mr. Craft closed distance until he was directly in front of her and then pushed her. Interestingly, White never tries to attribute to her the lie that she never struck Mr. Craft, but still, all contrary to the pleading and video.

Defendant Wright was responsible for White's separate violation of plaintiff's First and Fourth Amendment rights as pleaded in Counts I-IV of the FAC when he ignored Officer Ellis' refusal to arrest plaintiff and sent White on the mission to "find a reason" to arrest plaintiff. FAC paragraphs 18, 21 and 23-24.  Defendants' motion ignores this allegation of Wright's order which clearly violates plaintiff's constitutional rights as pleaded to be free of illegal arrest and incarceration interfering with his right to free speech and the exercise of his religious faith.

**Argument and authority:**

The Fourth Amendment permits the issuance of search warrants only "upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. Inherent in this language is "the obvious assumption [ ] that there will be a truthful showing" of facts to support probable cause, meaning that "the information put forth is believed or appropriately accepted by the affiant as true." Franks v. Delaware , 438 U.S. 154, 164-65. Where as pleaded here there is substantial evidence to support deliberate falsehood or reckless disregard for the truth, and the exclusion of false statements would undermine the existence of probable cause, a warrant is invalid. See id. at 171-72. This same result is obtained when an affiant knowingly or recklessly omits information from an affidavit that would have negated probable cause. Stewart v. Donges , 915 F.2d 572, 582-83 (10th Cir. 1990). "Recklessness may be inferred from omission of facts which are 'clearly critical' to a finding of probable cause." DeLoach v. Bevers , 922 F.2d 618, 622 (10th Cir. 1990). If there is evidence from which a jury could conclude that the officers made intentional or reckless misstatements in their warrant affidavit, or recklessly omitted information "critical" to a probable cause determination a fact issue is presented for a jury to decide. See id. at 622-23. "We have long recognized that it is a jury question in a civil rights suit whether an officer had probable cause." Id. at 623. Harte v. Bd. Of Comm'rs of the Cnty of Johnson, 864 F.3d 1154, 1162 (10th Cir 2017).

The pleadings here are more than adequate to present to these defendants the nature of their constitutional violations. This case is controlled by Baptiste v. J.C. Penney, 147 F.3d 1252 (10th Cir. 1998). There the Tenth Circuit held that law enforcement "may not ignore *available* and *undisputed* facts" that were recorded on videotape and showed there was no probable cause, as determined here by Officer Ellis, to arrest the plaintiff. The

Tenth Circuit concluded that, where a "videotape . . . does not suggest criminal conduct, but is instead consistent with [the plaintiff's] version of events," "a reasonable officer therefore would not have believed there was probable cause to arrest [the plaintiff]," even though alleged witnesses claimed otherwise contradicting the videotape. Id at 1259. On the pleadings here a fact-finder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations, Beard v. City of Northglenn, 24 F.3d 110, 116 (10th Cir. 1994).

*A fortiorari*, the standard for pleading under Rule 12 is met here. A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations beyond what is set forth here. Here, as pleaded, but for the recklessness inferable from White's following Wright's order to find a reason to arrest Mr. Craft while ignoring the incontrovertible evidence on video, as further shown by Officer Ellis' refusal to arrest Mr. Craft, this lawsuit would be unnecessary.

These facts present viable causes of action under each of the Counts of the FAC. Neither White nor Wright may constitutionally close their eyes to the facts pleaded here that would vitiate probable cause.  Defendants' motion is meritless and must be denied,

For the reasons stated, defendants' motion must be denied, and plaintiff afforded such relief here as the Court determines proper.

                Respectfully Submitted:

                /s/ Timothy L. White
               Valdez and White Law Firm, LLC
               Timothy L. White
               P.O. Box 25646
               Albuquerque, NM 87125
               (505) 345-0289

        ZEBAS LAW FIRM, LLC
        <u>/s/ Joseph M. Zebas</u>
        Joseph M. Zebas
        P.O. Box 1675
        Hobbs, NM 88241
        (575)393-1024
        Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

This is to certify that this pleading was emailed to defense counsel on March 27, 2018 to:

Bryan Evans

Box 700

Roswell, NM 88202


<u>/s/ Timothy L. White___</u>