FIFTH JUDICIAL DISTRICT COURT
COUNTY OF LEA
STATE OF NEW MEXICO

FIFTH JUDICIAL DISTRICT COURT
LEA COUNTY NM
FILED IN MY OFFICE

2016 DEC 13 PM 2: 36

NELDA CUELL...
DISTRICT COURT CLERK

STATE OF NEW MEXICO,
      Plaintiff,

vs.                                  No. D-506-CR2015-253

ALRASHAAD RASBEN,
      Defendant.

## ORDER GRANTING MOTION TO DISMISS FOR VIOLATION OF DEFENDANT'S RIGHT TO SPEEDY TRIAL

**THE COURT** having reviewed the pleadings and arguments of counsel:

1. The incident in this case occurred on April 18, 2015. Defendant was arrested and taken into custody on April 25, 2015.

2. The District Attorney's office formally filed charges on April 23, 2015.

3. Defendant was charged with Aggravated Battery resulting in Great Bodily Harm, a third degree felony; and Disorderly Conduct, a petty misdemeanor.

4. On April 27, 2015, Defendant was placed on restrictions on his release. Defendant's pretrial release restrictions on his liberty included:

    a. No possession of any firearms

    b. No leaving this country

    c. Weekly reporting to his attorney and bondsman

    d. No contact with any of the parties in the case

    The Court subsequently allowed Defendant to return to his home in Houston, Texas pending subsequent hearings on this case.

5. In addition to the restrictions on his release, Defendant had to pay a bond company over $200.00 to secure his release. The money spent to secure

**EXHIBIT 9**

Defendant's release is non-refundable and constitutes a permanent financial loss to the Defendant.

6. Defendant has since appeared for hearings on this matter on four different occasions.

7. The case is currently set for trial in December 2016, approximately 20 months since the alleged incident, and since the date of formal charging in this case by way of criminal information.

8. This is a simple case in which a delay of longer than 12 months is presumptively prejudicial which triggers the <u>Barker v. Wingo</u> factors.

9. The State did not respond to Defendant's motion to dismiss.

10. The length of the delay from Defendant's arraignment to his scheduled trial was 20 months, 14 months of which were attributable to the State, 6 months to Defendant. (See Defendant's Motion attributing delay which was not contested by the State)

11. ==The reasons for the delay weigh moderately against the State. The delays were not deliberate, but administrative or neutral.==

12. Defendant asserted his right to speedy trial in May of 2015 and also when the State requested two request for continuances.

13. Defendant has suffered the following prejudice:

    a. He has been unable to secure permanent employment due the pending felony mater.

    b. He has traveled back and forth to Lea County from his home in Houston, Texas.

    c. Prior to the Court allowing Defendant to return to his home in Houston,

Texas, Defendant spent a significant amount of money in lodging in Lea County, New Mexico.

d. Upon the inception of this case, Defendant was promptly relieved of his responsibilities at his place of employment, due to the high level of security clearance required to keep his job.

e. The alleged victim in this case may have since suffered further unrelated health concerns that may come to play in a trial of this matter, thereby prejudicing the jury unfairly.

f. The State presented no evidence of absence of undue prejudice.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss for Violation of Defendant's Right to Speedy Trial is hereby granted.

*William GW Shoobridge*
**WILLIAM G.W. SHOOBRIDGE, District Judge**

xc:  Lisa Kuykendall, Esquire
     Ibukun Adepoju, Esquire