IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AL-RASHAAD R. CRAFT,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD WRIGHT, in his official and individual capacities; and AHMAD WHITE, in his official and individual capacities;<br><br>Defendants. | Case No. 17-CV-469-NF-KHR |

## ORDER ON PRETRIAL CONFERENCE

On August 19, 2019, this case was reassigned from the Honorable Judith C. Herrera to the Honorable Nancy D. Freudenthal District Court Judge for the District of Wyoming sitting by designation in the District of New Mexico. Under the amended schedule in place at the time of reassignment (Orders of January 3, 2019 and May 30, 2019, docs. 65, 81), the parties have conducted fact discovery, designated experts and Defendants have filed a motion for summary judgment.

On September 30, 2019 the Honorable Nancy D. Freudenthal, District Court Judge for the District of Wyoming, sitting by designation in the District of New Mexico, held an initial pretrial conference in the above-entitled matter. Counsel participating were Joseph Zebas and Tim White for Plaintiff and Bryan Evans for Defendants.

**Jurisdiction and Venue —**

Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.2, and acknowledge that this case will proceed before the District Judge assigned hereto, and not before a Magistrate Judge. However, the parties are not precluded from consenting to trial before Magistrate Judge Mark L. Carman or Magistrate Judge Kelly H. Rankin anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

*Plaintiff's contentions.* This lawsuit arises out of Plaintiff's arrest following an altercation with a female at the Ship Street Plaza in Hobbs where Plaintiff was reading from the Bible and preaching his beliefs. The female berated Plaintiff while he preached and waived a cigarette lighter in his face. The altercation turned physical when the female's lighter hit Plaintiff's Bible and it was pushed up into his face. Plaintiff responded in self-defense by pushing the female away. Police were called, responded to the scene, took statements from both parties and informed both parties nobody would be charged, but both could contact the district attorney's office to press charges. The following week, Plaintiff was arrested, pursuant to a warrant, on charges of aggravated battery and disorderly conduct. Plaintiff contends the arrest and charges were made without probable cause, in violation of the Fourth Amendment. He also contends that the charges were improperly motivated by his religious speech in violation of his First Amendment and Fourteenth Amendment rights of free speech and free exercise of religion.

*Defendants' contentions.* Defendants deny the allegations. Defendants contend there was probable cause for Plaintiff's arrest. Defendants deny that the arrest was motivated by a desire to retaliate against Plaintiff for exercising his First Amendment rights. Also, to the extent it may be relevant, Defendants question whether Plaintiff acted in self-defense.

2

**Complexity of the Case —**

The Judge is of the opinion that this is a non-complex case.

**Amendments to Pleadings and Joinder of Parties —**

The parties do not anticipate adding additional parties or otherwise amending pleadings at this time. The parties' respective deadlines to move to amend the pleadings and/or join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a) passed on February 11, 2019 and February 25, 2019.

**Rule 26(f) Scheduling Conference —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**Self-Executing Routine Discovery —**

The parties have complied with self-executing routine discovery exchange as required by Fed. R. Civ. P. 26(a).

Pursuant to the General Order Regarding Discovery Motions available at http://www.wyd.uscourts.gov/pdfforms/orders/rankin_disc_ord.pdf the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact chambers prior to filing any written discovery motions.

The deadline for discovery motions set by previous order has passed.

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a).**

**Expert Witness Designation —**

**Plaintiff's Designation Deadline — May 10, 2019**

**Defendants' Designation Deadline — June 10, 2019**

The deadlines for the parties' respective expert designations have already passed. In accordance with Fed. R. Civ. P. 26(a)(2), Plaintiff had to designate expert witnesses and provide Defendants with a complete summary of the testimony of each expert by May 10, 2019. In accordance with Fed. P. Civ. P. 26(a)(2), Defendants shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by June 10, 2019. These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). THE PARTIES ARE LIMITED TO THE DESIGNATION OF ONE EXPERT WITNESS TO TESTIFY FOR EACH PARTICULAR FIELD OF EXPERTISE, ABSENT A SHOWING THAT COMPLEX ISSUES NECESSITATE EXPERT WITNESSES WITH NARROW, SPECIALIZED AREAS OF EXPERTISE WITHIN A LARGER GENERAL FIELD.

**FOR ALL OF JUDGE FREUDENTHAL CASES, THE PARTIES SHALL FILE THEIR EXPERT DESIGNATIONS WITH THE COURT.** The parties shall file their existing expert designations within seven (7) days of this Order. Plaintiff may depose Defendants' experts after the discovery cutoff date, but must complete the depositions fourteen (14) days **PRIOR** to the final pretrial conference.

**In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness SHALL designate that medical or mental health provider as an expert witness.**

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to

4

the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation.

In any case in which a party (here assumed to be the plaintiff, but it could be any party) satisfies the criteria for a physical or mental examination under Federal Rule of Civil Procedure 35, the Defendants may require Plaintiff to submit to physical and psychological examinations by experts designated by Defendants any time up to five full weeks prior to the commencement of trial. Defendants shall designate said expert witnesses no later than one week after such examinations. Plaintiff may depose the examining expert witnesses any time during the last four weeks prior to trial. If Defendants conduct an examination earlier than five weeks prior to trial, Defendants must designate the opinions of the experts no later than twenty (20) days following the examination. Plaintiff may depose said expert any time prior to the commencement of trial.

**FOR JUDGE FREUDENTHAL CASES, PARTIES <u>SHOULD NOT</u> FILE THEIR NOTICES OF DEPOSITIONS, SUBPOENAS OR OTHER DISCOVERY NOTICES.**

**Discovery Cutoff Date — August 15, 2019**

The fact discovery cutoff date has already passed. All written discovery requests were due to be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions had to be completed by the discovery cutoff date. Trial depositions may be taken up to seven (7) days prior to the trial date.

**Proposed Orders —**

All proposed orders regarding non-dispositive civil motions should be submitted to Judge Rankin's chambers in a word processing format and emailed to NMJudgeKHR@wyd.uscourts.gov.

All proposed orders regarding dispositive civil motions should be submitted to Judge Freudenthal's chambers in a word processing format and emailed to NMJudgeNDF@wyd.uscourts.gov.

**Dispositive Motions — Hearing – November 21, 2019 at 9:00 a.m.**

**Deadline September 16, 2019 (passed), Response October 14, 2019**

The deadline for the parties to file all dispositive motions together with briefs and affidavits in support thereof was September 16, 2019. Defendants filed a motion for summary judgment on the deadline; Plaintiff did not file a dispositive motion.

**Counsel for the parties shall submit to the Court, together with their briefs, proposed findings of fact and conclusions of law and orders supported by the record which reflects the position of the parties to be taken at the hearing. Defendants shall comply with this requirement by <u>October 7, 2019</u>.**

Plaintiff shall file his responsive brief and affidavits on or before October 14, 2019.

**Parties submitting deposition testimony in support of their motions shall also provide to the Court via email to <u>NMJudgeNDF@wyd.uscourts.gov</u>, the e-transcript version of the deposition provided to the parties by the Court Reporter.**

The dispositive motion is hereby set for oral hearing before the Honorable Nancy D. Freudenthal on November 21, 2019, at 9:00 a.m. The parties shall appear at the U.S. Courthouse

6

in Albuquerque, Las Cruces or Roswell, NM; the parties shall promptly inform Judge Freudenthal's courtroom deputy, Abby Logan, regarding the location they prefer for this hearing. Judge Freudenthal will hear the motion via videoconference.

**IF A HEARING IS SET ON A DISPOSITIVE MOTION, THE COURT DOES NOT ALLOW REPLY BRIEFS.**

**Final Pretrial Conference — April 20, 2020 at 9:00 a.m.**

A final pretrial conference in this matter has been scheduled for April 20, 2020 at 9:00 a.m. at the U.S. Courthouse in Albuquerque, NM.  The parties will be notified of the exact location at a later date.  Counsel shall appear in person.  Judge Freudenthal generally holds the final pretrial conference in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL ORDER PREPARED FOR JUDGE FREUDENTHAL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS.  **UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT PRETRIAL ORDER**. If you cannot locate the form, please contact Judge Freudenthal's chambers.  All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order.  **A copy of the proposed order must be delivered directly to Judge Freudenthal's chambers (but not filed) via e-mail to NMjudgendf@wyd.uscourts.gov at least seven (7) days before the final pretrial conference.**

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST FOURTEEN (14) DAYS BEFORE THE FINAL**

**PRETRIAL CONFERENCE.** Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

**COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.** If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

   *A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A. In the event there are multiple parties, plaintiff or defendant, the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

   *B. Elimination of Duplicate*. The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

   *C. Copies for the Court*. There is no need to provide copies of exhibits to the Court. The originals of the exhibits shall be provided to the Deputy Clerk as they are introduced and admitted at trial.

   **EXHIBIT LIST:** The parties' exhibit lists are to be prepared in the following format.

| Plaintiff(s) Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

\* This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.

The following categories are to be used for objections to exhibits:

    A.    **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

    B.    **Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

    C.    **Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

MOTIONS IN LIMINE OR MOTIONS RELATING TO THE EXCLUSION OF EVIDENCE SHALL BE FILED NO LATER THAN FOURTEEN (14) DAYS PRIOR TO THE **FINAL PRETRIAL CONFERENCE**. Responses shall be filed seven (7) days before the final pretrial conference.

**Jury Trial — June 15, 2020 at 8:30 a.m.**

A jury trial is set before the Honorable Nancy D. Freudenthal for 8:30 a.m. on June 15, 2020, and is expected to last five (5) days. Trial is set for the U.S. Courthouse in Albuquerque, NM. The parties will be notified of the exact location at a later date. This case is stacked #2 on the civil docket.

***THE COURT HAS IMPLEMENTED A SYSTEM FOR ELECTRONIC SUBMISSION OF EXHIBITS TO THE JURY. THE JURY EVIDENCE RECORDING SYSTEM (JERS) ALLOWS JURORS TO REVIEW EVIDENCE (DOCUMENTARY, PHOTO, OR VIDEO/AUDIO EXHIBITS) ON A LARGE LED SCREEN DURING DELIBERATIONS. ATTORNEYS SHOULD PROVIDE THEIR TRIAL EXHIBITS IN ELECTRONIC FORMAT ON A USB DRIVE, DVD, OR CD TO THE OFFICE OF THE CLERK OF COURT A MINIMUM OF FIVE (5) DAYS PRIOR TO THE START OF TRIAL. COUNSEL IS REQUIRED TO PROVIDE THEIR EXHIBITS IN THE FOLLOWING ELECTRONIC FORMATS:

All electronic evidence should be provided using the following formats:

- Document and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. PARTIES MAY OBTAIN ADDITIONAL INFORMATION REGARDING THE SUBMISSION OF ELECTRONIC EXHIBITS BY CONTACTING THE CLERK'S OFFICE AT 307-433-2120.

The parties SHALL file their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial. Jury instructions must include citations of authority. The proposed voir dire questions, jury instructions, and special verdict forms shall be submitted directly to Judge Freudenthal's chambers via e-mail to NMJudgeNDF@wyd.uscourts.gov. The instructions must be formatted as a single document for word. Counsel need submit only proposed substantive jury instructions; the Court has its own general instructions, which can be found on the district court website under forms.

THE PARTIES MUST SUBMIT JOINT JURY INSTRUCTIONS AND A JOINT PROPOSED VERDICT FORM. UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT JURY INSTRUCTIONS. In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date. The instructions should be submitted in the order in which the parties wish to have the instructions read.

If the parties cannot reach an agreement on the instructions then instructions shall be submitted in three (3) sets as follows:

1. The agreed upon instructions.

2. Those instructions propounded by Plaintiff, opposed by Defendant.

11

3. Those instructions propounded by Defendant, opposed by Plaintiff.

For disputed instructions, the party should note its objections to the proposed instruction. The parties should also submit differing versions of disputed instructions or a statement as to why the instruction should not be included.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**Exclusion of Certain Personal Data from Filings**

In order to promote the electronic access to case files while protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall redact, where inclusion is necessary, the following personal data identifiers from their filings, including exhibits thereto, unless otherwise ordered by the Court.

- Social Security Numbers. If an individual's social security number must be included, only the last four digits of that number should be used.

- Taxpayer Identification Numbers. If a taxpayer identification number must be included, only the last four digits of that number should be used.

- Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.

- Dates of Birth. If an individual's date of birth must be included, only the year of birth should be used.

• Financial Account Numbers. If a financial account number is relevant, only the last four digits of such numbers should be used.

The responsibility for redacting these personal data identifiers rests solely with counsel and persons filing the documents with the Court. The Clerk of Court will not review submissions for compliance with this rule.

**Settlement Conference–**

The requirements of Local Rule 16.2 of the United States District Court for the District of New Mexico requiring mandatory settlement conferences shall not apply to this case. However, the parties should contact either Magistrate Judge Kelly Rankin or Magistrate Judge Mark Carman if they are interested in court-assisted settlement or mediation. All settlement conferences or mediations will be conducted in New Mexico.

**Settlement Possibilities —**

The Judge considers settlement possibilities of this case to be poor.

**Modifications of Filing Deadlines and the Schedule —**

Stipulated extensions of time for any filing deadlines must be approved by the Court. The schedule established in this Order may be modified only for good cause and with the Court's consent. Barring unforeseen circumstances, the Court holds the final pretrial conference and trial dates firm.

Dated this 30 day of September, 2019.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE