UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**AL-RASHAAD R. CRAFT,**

      **Plaintiff,**

v.                                                                                                  No. 2:17-cv-00469-NF-KHR

**CHAD WRIGHT, in his official and individual
capacity; and AHMAD WHITE, in his official
and individual capacity,**

      **Defendants.**

## DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF WILLIE HENRY

**COME NOW** Defendants Chad Wright and Ahmaad White, by and through their attorneys of record, Atwood, Malone, Turner & Sabin, P.A. (by Bryan Evans and Renee Gantert) and, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, respectfully move the Court for an order striking the affidavit of Lea County Magistrate Judge Willie Henry, attached as Exhibit 8 to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment. As grounds therefor, Defendants state:

### I.
### BACKGROUND

On September 16, 2019, Defendants filed a Motion for Summary Judgment, asserting their entitlement to qualified immunity on all of Plaintiff's claims against them. [*Doc. 90]*. As part of their argument, Defendants noted there is no evidence to support Plaintiff's claim that Detective White misrepresented facts or left out material information from his arrest warrant affidavit knowingly or with reckless disregard for the truth. In response to Defendants' Motion, Plaintiff

included an affidavit signed by the local county magistrate judge who reviewed Detective White's warrant request, found it supported by probable cause, and issued the requested warrant. Now, without setting forth any supporting facts or explanation for his newfound view, Judge Henry declares that Detective White "misrepresented facts" and speculates that he did so "in an attempt to obtain an arrest warrant". As set forth in further detail below, Judge Henry's conclusory and speculative assertions about Detective White's actions do not meet the standards for affidavits submitted in conjunction with summary judgment proceedings and should be stricken. The other paragraphs of the affidavit either do not set forth any facts at all or do not set forth facts that are relevant to or probative of any issue in this case. For these reasons, Defendants respectfully request that the Court strike the affidavit in its entirety.

## II.
## ARGUMENT AND AUTHORITIES

### A. Standard for Affidavits Used in Support of or Opposition to Summary Judgment

An affidavit used to support or oppose a motion for Summary Judgment shall 1) be based on personal knowledge, 2) set forth facts that would be admissible in evidence, and 3) show affirmatively that the affiant is competent to testify on the matters stated. FED. R.CIV. P. 56(c)(4). Legally insufficient affidavits are subject to a motion to strike. *Servants of the Paraclete v. Great Am. Ins. Co.,* 866 F. Supp. 1560, 1564 (D.N.M. 1994).

### B. Paragraphs 3, 4 and 5 of Judge Henry's Affidavit Set forth Legal Conclusions and Improperly Attempt to Define the Legal Parameters Governing this Case

"[L]ay witnesses and even expert witnesses are not permitted to give opinions as to what the law is." *United States v. Kingston,* 971 F.2d 481, 486 (10th Cir. 1992). While a properly

qualified expert may "refer to the law in expressing his or her opinion", *A.E. v. Independent School Dist. No. 25,* 936 F.2d 472, 476 (10th Cir. 1991), the expert cannot "state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Oakland Oil Co. v. Conoco Inc.,* 144 F.3d 1308, 1328 (10th Cir. 1998). A legal expert's testimony is proper under Rule 702 only so long as "the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function." *Specht v. Jensen,* 853 F.2d 805, 809-10 (10th Cir. 1988). "In no instance can a witness be permitted to define the law of the case," for the judge is the "sole arbiter of the law and its applicability." *Id.* at 807, 809.

Here, Paragraphs 3, 4 and 5 of Judge Henry's affidavit impermissibly set forth legal conclusions and opinions as to what the law is.[1] First, Judge Henry has been neither disclosed nor qualified as an expert in this case. *See Plaintiff's Expert Witness Disclosure, filed herein on May 10, 2019.* Second, even if he had been disclosed and qualified as an expert, the statements in Judge Henry's affidavit are clearly an attempt to define the law of this case, which is the sole function of this Court. *See e.g. Curtis v. State Farm Mut. Auto. Ins. Co.,* 621 F. Supp. 2d 1122, 1127 (D. Colo. 2008) ("even if these two witnesses may be qualified as expert witnesses they may not state legal conclusions or opinions of law"). Paragraphs 3, 4 and 5 of Judge Henry's affidavit should be

---

[1] Defendants do not disagree with the legal assertions in Paragraphs 3 and 5, but maintain that the judge of *this* Court is the sole arbiter of the law and its applicability in this case and that these paragraphs are subject to being stricken because they do not conform with Rule 56's requirements for affidavits submitted in conjunction with summary judgment. Defendant *does* disagree with the opinion set forth in Paragraph 4: that Detective White "would've had to assert that Craft intentionally committed the act and caused severe bodily harm" in order to establish the necessary elements for an arrest warrant. *Ex. 8 to Doc. 98, ¶ 4.* This is an incorrect statement of the law. What Detective White had to do was present "facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information" that were sufficient to "warrant a man of reasonable caution in the belief that *an* offense has been or is being committed." *United States v. Shelton,* 742 F. Supp. 1491, 1498-99 (D. Wy. 1990) (citations omitted) (emphasis added); *See Keough v. Packard,* 2014 U.S. Dist. LEXIS 128671, *28 (noting plaintiff challenging an arrest must "demonstrate the lack of probable cause to charge him with *any* crime"). As set forth in Defendant's Motion and Proposed Findings of Fact and Conclusions of Law, Defendant White's affidavit set forth specific facts (Plaintiff pushed Mrs. Stone to the ground) of which he had certain information (Mrs. Stone's report, eyewitness's report, Plaintiff's admission) which support a finding of probable cause to arrest him for disorderly conduct, at the bare minimum. Defendants, of course, contend White's affidavit provided probable cause for the felony battery charge as well.

stricken.

### C. Paragraph 6 of Judge Henry's Affidavit is a Conclusory Allegation that does not meet the Requirements of Rule 56 for Affidavits Submitted at Summary Judgment Stage

Rule 56(C) requires that affidavits set forth ***facts*** that are based on ***personal knowledge*** and admissible in evidence. Conclusory summary judgment affidavits are legally insufficient. *Id.* (citing *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir. 1991)); *American Express Fin. Advisors, Inc. v. Topel,* 38 F. Supp. 2d 12333, 1242 (D. Colo. 1999)) ("conclusory allegations not supported by specific facts cannot defeat a properly supported motion for summary judgment").  As one court stated, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite ***specific concrete facts*** establishing the existence of the truth of the matter asserted." *Drake v. Minnesota Mining & Manufacturing Co.,* 134 F.3d 878, 887 (7th Cir. 1998) (emphasis added).

Paragraph 6 of Judge Henry's affidavit asserts that after "review of the video" and unspecified "additional evidence subsequently provided to" him, it "clearly appears that Ahmaad White misrepresented facts in his affidavit in an attempt to obtain an arrest warrant."  The problems with this totally conclusory allegation are manifold. First, the only real basis set forth in Judge Henry's opinion that Ahmaad White "misrepresented facts" is the Judge's subsequent review of the video.  It is undisputed, however, that Detective White had not seen the video prior to the arrest and did not rely on the video for any of the information submitted in his arrest warrant affidavit. So, even assuming, for purposes of argument only, that the video proved some inaccuracy in Detective White's warrant affidavit, there are no other facts in Judge Henry's affidavit to support the conclusory claim that Detective White included the alleged inaccuracy as part of a scheme to "misrepresent[] facts. . . to obtain an arrest warrant."

Judge Henry's opinion is pure speculation as to something he has demonstrated no personal

4

knowledge of, or other competency to testify to: Detective White's investigation and his state of mind and motivation. Courts routinely find such testimony improper, inadmissible and subject to being stricken and/or excluded at trial, even when it comes from someone who has been identified and qualified as an expert witness. *See e.g. Lobato v. Ford,* 2007 U.S. Dist. LEXIS 65574, *48-49 (D. Colo. Sept. 5, 2007) (striking portions of an affidavit in which witness opined that defendant was hypersensitive to the dangers associated with being a police officer); *Hogue v. City of Fort Wayne,* 599 F. Supp. 2d 1009, 1018 (N.D. Ind. 2009) (striking statements that merely contained speculation about defendants' motive because they were outside of declarant's personal knowledge); *Maiorana v. MacDonald,* 596 F.2d 1072, 1080 (1st Cir. 1979) (finding plaintiff's "counteraffidavits were improper because they purported to examine the defendants' thoughts as well as their actions"); *Lombardo v. St. Louis City,* 2019 U.S. Dist. LEXIS 16342, *31-33 (E.D. Mo. Feb. 1, 2019) (finding that expert's testimony about officer's intentions was speculation, invaded province of jury, and should be excluded). Conclusory and unsupported speculation like that set forth in Paragraph 6 of Judge Henry's affidavit has zero evidentiary value, is improper, and should be stricken.

Finally, it is unclear to defense counsel whether it is even appropriate or proper for a sitting judge, who was involved in the underlying events of this case, to sign such an affidavit. In so doing, Judge Henry has inserted himself as a witness in this case. It would seem that an argument could be made that such an action is outside Judge Henry's appropriate role as a sitting judge.

### III.
### CONCLUSION

This Court should strike Judge Henry's affidavit in its entirety. Paragraphs 3, 4 and 5 offer

improper legal conclusions and opinions which invade the province of this Court to determine the law and the province of the jury to determine the facts. Paragraph 6 is a wholly conclusory, unsupported and speculative assertion that Detective White "misrepresented facts" in his probable cause affidavit "in an attempt to obtain an arrest warrant".  The only facts set forth in Judge Henry's affidavit are in Paragraphs 1 and 2, in which he states that he is a magistrate judge in Lea County and is the judge to whom Detective White took the application for the warrant for Plaintiff's arrest. Neither of these facts is relevant to the issues in this case, nor are either of these facts disputed.  In short, Judge Henry's affidavit consists only of irrelevant and undisputed facts, improper legal opinions and conclusions, conclusionary allegations about what Detective White did in this case, and speculation as to the motive behind his alleged actions. The affidavit should be stricken in its entirety. In the alternative, Paragraphs 3, 4, 5 and 6 of the affidavit should be stricken and disregarded in the consideration of Defendants' Motion for Summary Judgment.

    Defense counsel has confirmed that Plaintiff opposes this motion.

    WHEREFORE Defendants respectfully request that the Court enter an order (1) striking the Affidavit of Judge Willie Henry submitted as Exhibit 8 to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and (2) providing that said affidavit not be considered as evidence in deciding Defendants' Motion for Summary Judgment.

Respectfully submitted,

**ATWOOD, MALONE, TURNER & SABIN, P.A.**

*/s/ Bryan Evans*
Bryan Evans
K. Renee Gantert
P.O. Drawer 700
Roswell, NM 88202-0700
(575) 622-6221
*Attorneys for Defendants*

I HEREBY CERTIFY that on November 7, 2019, I filed the foregoing instrument electronically through the Court's Electronic Filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing*.

*/s/ Bryan Evans*

Bryan Evans