IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AL-RASHAAD R. CRAFT,<br><br>           Plaintiff,<br><br>vs.<br><br>CHAD WRIGHT, in his official and individual capacities, and AHMAD WHITE, in his official and individual capacities,<br><br>           Defendants. | Case No.  17-CV-00469-NF-KHR |

ORDER ON DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF WILLIE HENRY AND SETTING SUR-REPLY DEADLINE

   Defendants move (ECF No. 102) to strike the affidavit of the Honorable Willie Henry, filed as Exhibit 8 to Plaintiff's response to Defendants' motion for summary judgment.  Defendants indicate Plaintiff opposes.  Defendants filed the motion to strike more than three weeks after receiving the affidavit.  Because Local Rule 7.4 requires responses to be filed within 14 days, Plaintiff's response is due the same day as the hearing on the summary judgment motion, November 21, 2019.

   Rulings on motions to strike at the summary judgment phase are subject to the abuse of discretion standard.  *S.E.C. v. Smart,* 678 F.3d 850, 856 (10th Cir. 2012).  In this case, Defendants argue the affidavit contains impermissible statements of the law and a factual conclusion that is not based on personal knowledge.  They also note the appropriateness of

an affidavit from a judicial officer could be questioned, although they appear to stop short of doing so themselves and offer no citations to authority in support.

As to the first two arguments, the Court is capable of recognizing and ignoring inadmissible portions of an affidavit without the need for outright striking of the affidavit. *See, e.g., Jones v. Barnhart,* 349 F.3d 1260, 1270 (10th Cir. 2003). As to the third argument, the affidavit is one piece of evidence among several that Plaintiff presents in support of the same fact issues. If the Court finds Plaintiff's other evidence is sufficient for his claims to survive summary judgment, or that his claims fail to survive for other reasons, the Court need not address the affidavit's propriety overall.

Although generally when a hearing is set on a dispositive motion this Court does not permit replies, this Court also generally prepares a draft order before a dispositive motion hearing. It would therefore be more helpful to the Court to receive Plaintiff's arguments before the summary judgment hearing.

In light of all the above, the Court exercises its discretion to DENY the motion to strike and treat it instead as a retroactively-authorized reply brief. Plaintiff may sur-reply in a brief of no more than five pages **within seven days** of this order.

IT IS SO ORDERED.

Dated this 8th day of November, 2019.

*/s/ Nancy D. Freudenthal*
_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE